PER CURIAM. This is an action for actionable negligence brought by plaintiff against defendant, alleging that defendant manufactured and sold to him a Nash automobile, which was unsafe, with unsafe and defective brakes and which became uncontrollable while plaintiff was driving, which condition caused a wreck and caused the injuries and damages to the plaintiff as set out and specified.

The defendant in the answer says: "That, as this defendant is advised, the plaintiff did, during the fall of 1928, purchase a Nash automobile from the Turnage Motor Company of Ayden, N. C. That said sale was made by said Turnage Motor Company and not this defendant. That the plaintiff took said automobile out to his home—a distance of about fifteen (15) miles from the town of Ayden, for his wife to see and try it out with him. That the automobile was tried out thoroughly on the trip and also around the town of Ayden, and, after a thorough trial and demonstration on the part of the plaintiff, the car being demonstrated by the Turnage Motor Company by one of it's salesmen, the plaintiff purchased said Nash car."

The defendant denied it sold plaintiff the car, and also denied any negligence and set up the plea of contributory negligence. At the close of plaintiff's evidence, upon motion of defendant for judgment as in case of nonsuit, the court below sustained the motion. The plaintiff excepted, assigned error and appealed to this Court.

Upon a careful review of the evidence, which it is unnecessary to set forth, we think the judgment of the court below correct.

Affirmed.

---

A. D. HARRELL v. B. G. WILLIS, TRADING AS ALBEMARLE NAVIGATION COMPANY.

(Filed 7 October, 1931.)

CIVIL ACTION, before Cranmer, J., at April Term, 1931, of HERTFORD.

The evidence tended to show that on 4 February, 1929, the defendant entered into an agreement with the Atlantic Coast Line Railroad Company to the effect that said defendant would pay one-half of the salary of the station agent and other station forces maintained by said railroad at Tunis, North Carolina. It was further provided that the agreement could be terminated by either party on ninety days written notice. The plaintiff was employed by the railroad company as agent at Tunis, North Carolina. At the trial it was agreed that the trial judge could find the facts and in pursuance of such agreement, the court found that the

contract was terminated on 20 March, 1930, and thereupon adjudged that the plaintiff was entitled to recover the salary from 1 April, 1930, to 18 June, 1930, it appearing that the plaintiff had been paid to 1 April, 1930.

From the foregoing judgment the defendant appealed.

*C. Wallace Jones for plaintiff.*
*W. D. Pruden for defendant.*

PER CURIAM. A careful examination of the record and briefs of the parties leads to the conclusion that the ruling of the trial judge was correct.

Affirmed.

---

J. S. AYERS AND JESSE KEEL, TRADING AS J. S. AYERS AND COMPANY, v. L. S. CURTIS AND WIFE, MINNIE CURTIS.

(Filed 7 October, 1931.)

APPEAL by plaintiffs from *Moore, Special Judge,* at June Special Term, 1931, of MARTIN.

Civil action to recover for goods sold and delivered during the years 1928 and 1929.

Judgment in favor of the plaintiffs was rendered against L. S. Curtis, but the court directed a nonsuit as to Mrs. Minnie Curtis, from which the plaintiffs appeal, assigning error.

*Jos. W. Bailey for plaintiffs.*
*B. A. Critcher, J. C. Smith and A. R. Dunning for defendants.*

PER CURIAM. The plaintiffs, having failed to make out a case against Mrs. Minnie Curtis, were properly nonsuited as to her.

Affirmed.

---

J. M. TEMPLETON, JR., v. TOWN OF CARY.

(Filed 14 October, 1931.)

APPEAL by plaintiff from *Moore, Special Judge,* at Second March Term, 1931, of WAKE.

Civil action to redeem land sold under consent judgment and mortgage.